```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

```
KELLIE HALLMAN                                        Plaintiff

v.                        4:05CV01071 SWW/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                              Defendant
```

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Kellie Hallman, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on ulcerative colitis,

inflammatory bowel syndrome, stress, hemorrhoids, asthma and migraine headaches.  (Tr. 85)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 22, 2005, the date of his decision.  (Tr. 19)  On June 28, 2005, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 6-8)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 34 years old at the time of the supplemental hearing.[2]  (Tr. 284)  She is a high school graduate and completed training as a Certified Nurse Assistant.  (Tr. 91, 284)  She has past work experience as a cashier, nurse's aide and receptionist.  (Tr.

---

[1]The Hon. Wendell C. Fowler.

[2]There had been a previous hearing and adverse determination by the ALJ, but the Appeals Council remanded for further development. (Tr. 200-02)

14, 76-79, 86)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., §§ 404.1520(4); 416.920(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so,

benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 31, 2002.  (Tr. 18)  He found that Plaintiff had "severe" impairments, degenerative joint disease, migraine headaches, gastritis and reactive airway disease, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 18-19)  He judged that Plaintiff's subjective allegations were not borne out by the overall record and not fully credible.  (Tr. 19)

The ALJ found that Plaintiff retained the residual functional capacity for a significant range of light work.  Id.  He determined that she had no past relevant work.  Id.  He correctly noted that, once Plaintiff was determined to have no past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  (Tr. 18)

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, inspector and security guard.  (Tr. 19)  Consequently, the ALJ concluded that

Plaintiff was not disabled.  <u>Id.</u>

Plaintiff contends that the ALJ's credibility determination was flawed.  (Br. 6-10)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1.  the claimant's daily activities;
>
>   2.  the duration, frequency and intensity of the pain;
>
>   3.  precipitating and aggravating factors;
>
>   4.   dosage, effectiveness and side effects of medication;
>
>   5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  <u>Richmond v. Shalala</u>, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of

medical evidence in support of Plaintiff's allegations, the type of medications taken, the failure to seek more treatment, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001)(ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

In a Disability Supplemental Interview Outline dated October 25, 2002 (Tr. 75), Plaintiff indicated that she groomed without assistance; did laundry and dishes and changed sheets; she shopped for groceries (Tr. 71); she prepared meals, including sandwiches and frozen dinners for up to three and a half hours at a time; she counted change; she did not drive or attend church (Tr. 72). However, at both hearings she testified that she drove some. (Tr. 272, 273, 292)  She also testified that she went to church.  (Tr. 272, 293)  She took her three children to a movie.  (Tr. 294)  She testified that she had migraine headaches on a daily basis, yet, according to Plaintiff's Appeal Brief (Br. 6-7), she only complained to her doctor of headache twice after her alleged onset date in 2002 (Tr. 127, 129), twice in 2003 (Tr. 159, 160), twice in 2004 (Tr. 226,

261[3]) and once in 2005 (Tr. 260).  It does not appear that she ever told her doctors that she was suffering from daily migraine headaches.

Despite her allegations of significant side effects from her medications, she had never asked her doctors to prescribe different medications.  (Tr. 295)  There is no evidence that Plaintiff complained of any side effects of her medications with any doctor, so the ALJ was justified in rejecting that claim.  Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); see Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994); Richmond v. Shalala, 23 F.3d 1441, 1444 (8th Cir. 1994); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1994).  She also testified that she could not recall any restrictions her doctors had placed on her.  See Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003)(no functional restrictions on activities is inconsistent with claim of disability); Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003)(ALJ may consider absence of such opinion by treating physicians); Baldwin v. Barnhart, 349 F.3d 549, 557 (8th Cir. 2003)(none of claimant's independent physicians restricted or limited his activities); Tennant v. Apfel, 224 F.3d 869, 871 (8th Cir. 2000)(absence of physician ordered restrictions).

Perhaps most damaging to Plaintiff's claim that she was unable

---

[3] It appears that this visit pertained to hair loss rather than headache.

to work was the fact that she did work after her alleged onset date.[4] She testified that she worked as a substitute teacher during 2003. (Tr. 285) She worked as a receptionist for a tax preparation firm in 2004. (Tr. 286) She worked for four months. Id. It was full-time work. (Tr. 267-68) Apparently she had worked at that firm during tax season since 1998. (Tr. 286) Plaintiff's work activity during the period that she alleges disability supports the ALJ's conclusion that she was not disabled. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001)(seeking work and working while applying for benefits inconsistent with complaints of disabling pain); Ostronski v. Chater, 94 F.3d 413, 418 (return to past work undercuts complaints of inability to perform any work); Roe v. Chater, 92 F.3d 672, 677 (8th Cir. 1996)(actual activities, including work, incongruous with contention that cannot work); Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996)(work activity belies claim of disabling pain); Cruze v. Chater, 85 F.3d 1320, 1324 (8th Cir. 1996)(active lifestyle and performance of odd jobs tend to prove claimant can work); Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996)(wide range of activities, including working two days a week, supports finding of no disability); Bentley v. Chater, 52 F.3d 784, 786 (8th Cir. 1995)(seeking work incompatible with disability); Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994)(intention to work tends to prove

---

[4]The ALJ noted that Plaintiff had worked, but determined that the jobs did not last long enough to amount to substantial gainful activity. (Tr. 18)

ability to work); Starr v. Sullivan, 981 F.2d 1006, 1008 n.3 (8th Cir. 1992)(even though not substantial gainful activity, work activity determinative of capacity for work); Thompson v. Sullivan, 878 F.2d 1108, 1110 (8th Cir. 1989)(any work during claimed disability may show capacity for substantial gainful activity).

The ALJ's credibility analysis was proper.  He made express credibility findings and gave  reasons for discrediting Plaintiff's subjective complaints.  E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996);  Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence on the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed

with prejudice.

DATED this 25 day of July, 2006.


_____
UNITED STATES MAGISTRATE JUDGE